UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AVERY SMITH,  )<br>)<br>Petitioner, )<br>v.  )<br>)<br>SHERIFF MARK MITCHELL,  )<br>)<br>Respondent. ) | No. 1:08-cv-1116-DFH-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition for writ of habeas corpus of Avery Smith ("Smith") must be dismissed without prejudice.

**I.**

Smith seeks federal habeas relief with respect to a medley of pending charges in the Clinton Superior Court.

Smith's habeas petition contains allegations that he has been detained unlawfully because his right to a speedy trial has been violated and because his attorneys have been ineffective in developing a defense.

Smith is in the custody of Clinton County Sheriff Mark Mitchell. The inclusion of other individuals as co-respondents is **improper and is stricken.**

**II.**

The action is subject to review pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts.*[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court,

---

[1] Smith is in state custody, but not pursuant to the *judgment* of a state court. However, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that those Rules may be applied in applications for habeas corpus in cases not brought by a person challenging the judgment of a state court at the discretion of the district court. This is an appropriate case for such application, as was *Matta Ballesteros v. Henman,* 896 F.2d 255, 259 (7th Cir.), *cert. denied,* 498 U.S. 878 (1990) and the reference to those Rules is now made explicit.

the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

A writ of habeas corpus may be granted when it is established that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pre-judgment habeas relief is available under 28 U.S.C. § 2241(c)(3). *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) (Section 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason, such as preconviction custody*); United States v. Castor,* 937 F.2d 293, 296-97 (7th Cir. 1991); *Hirsch v. Smitley,* 66 F.Supp.2d 985 (W.D.Wisc. 1999). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha County,* 48 F.Supp.2d 859, 860 (E.D.Wis. 1999) (citing *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir. 1979)).

The court's jurisdiction over Smith's petition does not, of course, compel that the relief he seeks actually be granted. "While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck,* 48 F.Supp.2d at 860.

"The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief."  *Blanck,* 48 F.Supp.2d at 860. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings."  *Id.* "A petitioner will be held to have exhausted his remedies before trial only in 'special circumstances.'" *Id.* (quoting *United States v. Elrod,* 589 F.2d 327, 329 (7th Cir. 1979) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973)).

Smith is a pretrial detainee. Whether his claims prove meritorious or not, they are not extraordinary in the least. He is represented by counsel, aware of the proceedings, the charges are set for trial on October 20, 2008, the trial court's docket shows considerable activity in the case. Smith is fully able to vindicate his federal rights implicated in the prosecution against him. It is the presumption of this court that Smith's federal rights will be protected and any infringement on those rights vindicated through a state court process. If these presumptions are not validated by whatever lies ahead for Smith, he will have the opportunity to resort to a federal forum, pursuant to 28 U.S.C. § 2254(a). To rule otherwise (with respect to the timing of Smith's challenge in a federal forum) would turn the writ of habeas corpus "into a pretrial-motion forum for . . . prisoners" and cause "the derailment of . . . pending state proceeding[s] by attempt(ing) to litigate (affirmative) constitutional defenses prematurely in federal court."  *Wingo v. Ciccone,* 507 F.2d 354, 357 (8th Cir. 1974) (quoting *Braden,* 410 U.S. at 493).

### III.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."

*Keeney v. Tamayo-Reyes,* 501 U.S. 1, 10, (1992). The only manner in which this purpose can be recognized is to dismiss Smith's present petition in this court and permit the state court processes to continue. Accordingly, the action is dismissed, and judgment consistent with this Entry shall now issue.

    So ordered.

_____

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 9/5/2008